**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>      Plaintiff, <br><br> v. <br><br> [1] ORVIS GUERRERO-GONZALEZ, <br>      Defendant. | CRIMINAL NO. 22-422(ADC) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(b) GUILTY PLEA HEARING**

**I.**     **Procedural Background**

On September 28, 2022, defendant Orvis Guerrero-Gonzalez was charged in a multi count indictment. He agrees to plead guilty to Count One through Count Six.

Count One charges that beginning on a date unknown, but not later than September 12, 2022, up to and until the return of the Indictment, on the high seas, elsewhere and within the jurisdiction of this Court, [1] Orvis Guerrero-Gonzalez, together with co-defendant, did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to commit an offense defined in 46 US.C. § 70503(a)(l), that is: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, aboard a vessel of the United States. All in violation of 46 U.S.C. §§ 70503(a)(l) and 70506(b).

Count Two charges that on or about September 12, 2022, on the high seas, elsewhere and within the jurisdiction of this Court, [1] Orvis Guerrero-Gonzalez, together with co-defendant, aided and abetted by other persons known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance,

aboard a vessel of the United States. All in violation of 46 U.S.C. § 70503(a)(l), and 18 U.S.C. § 2.

Count Three charges that beginning on a date unknown, but not later than September 12, 2022, up to and until the return of the Indictment, from the countries of Colombia, Venezuela, the Dominican Republic and elsewhere, [1] Orvis Guerrero-Gonzalez, together with co-defendant, did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is: to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(l) & (b)(l)(B)(ii), and 963.

Count Four charges that on or about September 12, 2022, from the countries of Colombia, Venezuela, the Dominican Republic and elsewhere, [1] Orvis Guerrero-Gonzalez, together with co-defendant, aided and abetted by other persons known and unknown to the Grand Jury, intentionally and knowingly imported into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. All in violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(l)(B)(ii), and 18 U.S.C. § 2.

Count Five charges that beginning on a date unknown, but not later than September 12, 2022, up to and until the return of the Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [1] Orvis Guerrero-Gonzalez, together with co-defendant, did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. All in violation of 21 U.S.C. §§ 841(a)(l) & (b)(l)(A)(ii), and 846.

Count Six charges that On or about September 12, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court, [1] Orvis Guerrero-Gonzalez, together with co-defendant, aided and abetted by other persons known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(A)(ii) and 18 U.S.C. § 2.

The defendant also admitted the Narcotics Forfeiture Allegation, which provides that upon his conviction of any or all of the Counts One through Six, he shall forfeit to the United States any property constituting, or derived from, any proceeds, obtained directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations. And in the event such proceeds cannot be identified, the defendant admitted that substitute proceeds may be sought by the United States.

Defendant appeared before me, assisted by the court interpreter, on July 5, 2023, because the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he subject himself to possible charges of perjury or making a false statement.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

USA v. [1] Orvis Guerrero-Gonzalez                                                Page 5
Cr. 22-422(ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

### A.     Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his attorney and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Guerrero-Gonzalez was competent to plead and fully aware of the purpose of the hearing.

### B.     Maximum Penalties and Consequences of Guilty Plea

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely Count One: a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years, in addition to any term of incarceration.

As to Count Two, the penalties are a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years in addition to any term of incarceration.

As to Count Three, the penalties are a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years, in addition to any term of incarceration.

As to Count Four, the penalties are a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years, in addition to any term of incarceration.

As to Count Five, the penalties are a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years, in addition to any term of incarceration.

As to Count Six, the penalties are a term of imprisonment of ten years up to life, a fine of not more than $10,000,000, and a supervised release term of at least five years, in addition to any term of incarceration. The defendant also understood that a Special Monetary Assessment of $600.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One through Count Six and the potential consequences of the guilty plea.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant also confirmed that he was aware that his guilty plea, if accepted, may result in negative immigration consequences such as removal, deportation, and prohibition of re-entry to the United States. The defendant confirmed that he understood these consequences of his guilty plea.

### C.    <u>Sentencing Procedures</u>

The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, <u>United States Code</u>, Section 3553(a). The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.

### D.    <u>Waiver of Constitutional Rights</u>

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against

him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.    <u>Factual Basis for the Guilty Plea</u>

Defendant was read in open court Count One through Count Six of the indictment and provided an explanation of the elements of the offense. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One through Count Six and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and admitted all the essential elements of the count(s) to which he is pleading guilty.

### F.    <u>Voluntariness</u>

The defendant indicated that he was not being induced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set

forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

## IV.    **Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One through Count Six of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Orvis Guerrero-Gonzalez is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One through Count Six of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set by the Presiding Judge Aida M. Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 5th day of July 2023.


*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge